UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BOYCE BROWN                           )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )        Case No.  4:18-CV-2123-RWS
                                      )
RICHARD JENNINGS,                     )
                                      )
        Defendant.                    )


## MEMORANDUM AND ORDER

This case is before me on Petitioner Boyce Brown's application for a writ of

habeas corpus, under 28 U.S.C. § 2254. ECF No. [1]. Brown argues that his

constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments

have been violated. ECF No. [1]. For the reasons discussed below, I deny Brown's

petition for habeas relief.

## BACKGROUND

On September 27, 2013, in the Circuit Court for the City of St. Louis,

Brown was convicted of robbery in the first degree. He was sentenced to life in

prison on November 1, 2013. Brown filed a timely appeal. His appeal was denied

on October 21, 2014. Brown then filed a timely pro se petition for post-conviction

relief under Missouri Supreme Court Rule 29.15. The trial court held a hearing on

the petition and denied each of the claims. Brown filed an appeal and on May 15,

2018, the Missouri Court of Appeals for the Eastern District affirmed the lower court's decision.

After exhausting his state remedies, Brown filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. In his petition, Brown argues (1) the trial court abused its discretion or plainly erred by overruling defense objections to the State's closing argument, (2) the trial court abused its discretion or plainly erred by admitting the victim's testimony that an unidentified female caller gave her Brown's name, (3) the trial court abused its discretion by overruling Brown's motion to suppress evidence gained in a search of Ms. Davis's home, and (4) Brown's trial counsel was ineffective for failing to call Lynda Kilgore as an alibi witness.

## LEGAL STANDARD

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court conducting habeas review, may not grant habeas relief unless the claim, adjudicated on the merits in state court, "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). The Supreme Court considered what "contrary to" means in

Williams v. Taylor. <u>Williams v. Taylor,</u> 529 U.S. 362 (2000). The Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413. A state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." <u>Id.</u> Without providing a specific standard, the Court noted that federal courts conducting habeas review should ask "whether the state court's application of clearly established federal law was objectively unreasonable." <u>Id.</u> at 409 . "[A]n unreasonable application of federal law is different from an incorrect application of federal law." <u>Id.</u> at 410. Specifically, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of that decision. <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). Additionally, findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). <u>See</u> <u>Gee v. Groose</u>, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where

fairly supported by the record).

## ANALYSIS

In his petition, Brown argues that he is entitle to habeas relief for four reasons:  (1) the trial court erred in overruling defense counsel's objections to the State's closing argument, (2) the trial court erred by admitting testimony that an unidentified female caller gave the victim Brown's name, (3) the trial court erred by overruling Brown's motion to suppress evidence gained in a search of Ms. Davis's home, and (4) Brown's trial counsel was ineffective for failing to call Lynda Kilgore as a witness.  I will discuss each of these claims in turn.

## I. TRIAL COURT DID NOT ERR BY OVERRULING BROWN'S OBJECTIONS TO THE STATE'S CLOSING ARGUMENT

Brown raised the issue of the trial court's ruling on his objections to the State's closing arguments in his direct appeal. After reviewing the trial court's decision, the State appellate court held that the trial court did not err by overruling Brown's objections.

In his petition for a writ of habeas corpus, Brown claims the prosecutor's statements during the State's closing argument warrant habeas relief. In particular, he objects to the prosecutor's characterization of defense counsel's argument as "offensive." Brown argues that these statements were unwarranted, constituted improper personalization, and disparaged defense counsel. ECF No. [1] at 5. At trial, the prosecutor made a number of statements during their closing argument

that Brown challenges. The relevant portion of the transcript is provided below:

> [Prosecutor]: Ladies and gentlemen, you heard all of the evidence and the defense attorney did exactly what I said to you he would do. It is unpalatable to say [Victim] lied. Why is it unpalatable? Because he knows what you know. She is credible….The desperate tactics of coming up with a manufactured corroboration.
>
> [Defense Counsel]: Objection, improper argument, desperate.
>
> THE COURT: Strike the word "desperate". [Prosecutor]: The tactic that they utilize to call this a manufactured corroboration is ridiculous. It's offensive. And you should also be offended because it's police officers did exactly what they could do. This is an important case, and this is something that happens in the city every day. So you want them to utilize the resources that they do have and the abilities that they do have and they did it in this case.
>
> [Defense Counsel]: Object to the use of "offensive" as personalization.
>
> THE COURT: Overruled.
>
> [Prosecutor]: It is offensive that he's telling you that this was a manufactured corroboration.
>
> [Defense Counsel]: Again, I object.
>
> THE COURT: Overruled. It's closing argument.
>
> [Prosecutor]: The bottom line, ladies and gentlemen, is that you heard nothing to even remotely suggest that happened because you know that [Victim] did not say that the photo spread happened, the phone call[] happen[ed], then the physical lineup happened. That is not what she said. Not even close. Because the police also told you that the reason that they got the name Boyce Brown was because she got the phone call. She got the phone call, and that's when they thought we might get a break in this case. You betcha they thought that. And then they did get a break in the case because [Victim] made the identification.

ECF No. [12-1] at 535-37.

At trial, the court overruled Brown's objections. And on appeal, the State Court of Appeals for the Eastern District held that the trial court did not err in overruling the defense's objection to the prosecutor's statements. In particular, the court held that the statements by the prosecutor were not improper personalization because they did not ask the jurors to place themselves in the victim's shoes and they did not improperly degrade the defense because they were based on the prosecutors interpretation of the record. ECF No. [12-5] at 7-9. Since these determinations were based on Missouri law, I am not reviewing them for correctness, but rather determining if they "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

The standard of review for such a claim of prosecutorial misconduct in a habeas case is "the narrow one of due process, and not the broad exercise of supervisory power." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 4166 U.S. 637 (1974)). Accordingly, "[t]he relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Id. Undesirable comments are not enough. Darden v. Wainwright, 477 U.S. 168, 181 (1986). "Federal habeas relief should only be granted if the prosecutor's closing

argument was so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial." James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999).

The prosecutor's statements in their closing argument did not "so infect the trial with unfairness as to make the resulting conviction a denial of due process." Nor would any reasonable trial judge declare a mistrial based on the statements made by the prosecutor. Although the prosecutor's comments were disparaging, that alone is not sufficient to establish a violation of due process. Darden v. Wainwright, 477 U.S. 168, 181 (1986). The prosecutor's statement characterizing the defense counsel's closing argument as offensive, may have been inappropriate, but it was based on the record  and the prosecutor's interpretation of the evidence. Additionally, although it disparaged defense counsel's argument, it did not disparage Brown.  Finally, telling the jurors that they should be offended by the argument did not constitute improper personalization. The prosecutor did not ask the jurors to put themselves or any identifiable person in the victim's shoes but cited to the defense's argument and said they should be offended by how defense presented the facts. This does not amount to improper personalization. See Hall v. State, 16 S.W.3d 582, 585 (Mo. Banc 2000), State v. Rhodes, 988 S.W.2d 521, 528 (Mo. Banc 1999),  State v. Kreutzer, 928 S.W2d 854, 876 (Mo. Banc 1996). Accordingly, Brown's habeas claim based on the trial court's overruling of his

objections to the prosecutors closing argument must be denied.

## II. TRIAL COURT DID NOT ERR BY ADMITTING HEARSAY EVIDENCE FROM THE ANONYMOUS PHONE CALL

Brown raised the issue of the trial court's admission of evidence from the anonymous phone call in his direct appeal. The state appellate court affirmed the trial court's decision, stating that "we find Victim's testimony regarding Appellant's name was reasonably aimed to explain the parties' subsequent action and was not inadmissible hearsay." ECF No. [12-5] at 10. Since, the state appellate court ruled on the merits of the claim, I can only grant habeas relief for this claim if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

The Sixth Amendment's Confrontation Clause provides that "in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him." Crawford v. Washington, 541 U.S. 36, 42 (2004).  But as Crawford made clear, the Confrontation Clause only applies to testimonial hearsay, which means it only applies to out-of-court statements offered to prove the truth of the matter asserted. U.S. v. Holmes, 620 F.3d 836,841 (8th Cir. 2010), Woods v Etherton, 136 S. Ct. 1149, 1152 (2016).

In this case, the state court determined that the evidence from the anonymous telephone call was not presented to prove the truth of the statement, but rather to explain the subsequent behavior of the victim and Detective Griffin,

who included Brown in the photo and physical lineups shown to the victim. According to Brown, the victim's testimony about the anonymous caller who gave her Brown's name went beyond merely explaining the subsequent conduct of the victim and detectives.  But even if his interpretation of the testimony is correct, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Woods v. Etherton, 136 S.Ct. 1149, 1150 (2016) (quoting *Harrington v. Richter,* 562 U.S. 86, 101, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004))). The state court decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Woods v. Etherton, 136 S.Ct. 1149, 1150 (2016) (quoting White v. Woodall, 572 U.S. 415, 419, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014) (internal quotation marks omitted).

The state court's determination that the statements do not qualify as hearsay is not "so lacking in justification" that it is "beyond any possibility for fairminded disagreement." Accordingly, Brown's habeas claim based on the admission of evidence of the anonymous call must be denied.

## III. TRIAL COURT DID NOT ERR BY ADMITTING EVIDENCE FOUND DURING A SEARCH OF MS. DAVIS'S HOME

In his direct appeal, Brown challenged the trial court's inclusion of evidence

found during a search of Ms. Davis's home. During the trial, Brown filed a motion to suppress the evidence claiming he had a legitimate expectation of privacy in Ms. Davis's home and that her consent was involuntary. After a hearing on the motion, the trial court allowed the evidence to be presented. On appeal, the state appellate court affirmed that decision. In its opinion, the Missouri Court of Appeals for the Eastern District, held that Brown did not have a reasonable expectation of privacy in Davis's home, and therefore did not have standing to challenge the search. ECF No. [12-5] at 11.

Under federal law, "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Stone v. Powell, 28 U.S. 465, 494–495 (1976). In the Eighth Circuit, there is a two-part test to determine whether the state provided a full and fair opportunity to litigate the Fourth Amendment claim. "Under this test, a Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." Willet v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994).

Here Brown is not alleging that he did not have a full and fair opportunity to

litigate his Fourth Amendment issue, but rather that the state court misapplied the law. Brown argues that the state court abused its discretion by concluding he did not have standing to challenge the search of Ms. Davis's home. When determining whether there has been an "unconscionable breakdown" in the state's procedure, I do not need to do a probing review of the state court's factual findings or application of Fourth Amendment law. *Willett,* 37 F.3d at 1272. Rather, on federal habeas review, the "inquiry focuses on whether [the petitioner] received an opportunity for full and fair litigation of his claim." *Chavez v. Weber,* 497 F.3d 796, 802 (8th Cir.2007). In this case Brown was afforded an opportunity to fully and fairly litigated his Fourth Amendment claim. Accordingly, his claim regarding the trial court's admission of evidence collected during the search of Ms. Davis's home is denied.

## IV. TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO CALL A POTENTIAL ALIBI WITNESS

Brown claims that his trial counsel was infective for failing to call Lynda Kilgore as an alibi witness. Brown first brought this claim in his petition for state post-conviction relief. The post-conviction motion court held a hearing on the issue and subsequently denied Brown's petition. The state appellate court affirmed the motion court's decision, stating that "the motion court did not clearly err in finding both that Ms. Kilgore's testimony was not credible and trial counsel's strategy was reasonable." ECF No. [12-10] at 5.

To establish the ineffective assistance of counsel, Brown must show that his counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. , 668, 688 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." There are countless ways to provide effective assistance. Therefore, when I consider ineffective assistance of counsel claims, my "scrutiny of counsel's performance must be highly deferential," and I "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Although "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," Id. at 691, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," Id. at 690–91, 104 S.Ct. 2052.

In this case the motions court determined that trial counsel was not ineffective because his decision not to call Ms. Kilgore was reasonable. The appellate court affirmed this decision, noting that "the motions court properly found that trial counsel's decision not to call Ms. Kilgore to testify was reasonable trial strategy." ECF No. [12-10] at 5. Nothing Brown presents in his habeas petition calls into question the reasonableness of the state court's decision. The motions court held a

hearing and determined that Ms. Kilgore was not credible. ECF No. [12-10] at 5. Trial counsel's decision not to call her was a strategic decision and did not raise to the level of ineffective assistance under <u>Strickland.</u>

## <u>CONCLUSION</u>

The Missouri Court of Appeals did not act contrary to federal law or make an unreasonable determination of facts in denying Brown's claims on the merits. These decisions are therefore entitled to deference and Brown's petition for habeas corpus must be denied

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Boyce Brown for a writ of habeas corpus is **DENIED**.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of January 2020.